UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.20-cv-62073

PAT JONES,

    Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY,

    Defendant.                                        /

## COMPLAINT

Plaintiff, PAT JONES ("JONES"), by and through his undersigned attorney, sues Defendant, NEW YORK LIFE INSURANCE COMPANY ("NYL"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages by Plaintiff, JONES, against NYL for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act of 1992 ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and the ADEA. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant maintains offices within this judicial district, and a substantial part of the events constituting the discrimination took place within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. At the time of his termination from NYL, JONES was 61 years old and, at all times material to this action, was *sui juris* and a resident of Broward County, Florida.

5. Defendant, NYL, is a foreign corporation with its principal address at 51 Madison Avenue, New York, NY 10010 and with multiple offices in Florida, including the South Florida General Office located at 1300 Concord Terrace, Fifth Floor, Sunrise, FL 33323.

6. JONES has complied with all conditions precedent to jurisdiction under the ADEA, and the FCRA in that JONES filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; JONES has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR, and FCHR has not issued a determination in that time period; and JONES is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of JONES' Charge of Discrimination and Notice of Right to Sue are attached as **Exhibits 1** and **2**.

## GENERAL ALLEGATIONS

7. For more than thirty (30) years, JONES worked as a dedicated, loyal, successful and appreciated employee of NYL, consistently receiving praise, accolades and positive performance reviews.

8. Due to his significant experience and qualifications, JONES served as a Development Manager for NYL.

9. In addition to his official position as Development Manager, JONES served as a mentor to his colleagues and younger agents.

10. On February 5, 2020, after more than thirty (30) years of working for NYL, JONES was summarily terminated without warning, notice or explanation.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

11. During the termination meeting on February 5, 2020, which was attended by Dale Gorchoff (Senior DM Manager), Dennis King (CVP Agency Standards), Tim Foran (CVP Office Manager), Rick Madan (Managing Partner), and Bruce Lai (CVP Zone Training Officer), despite repeated requests, JONES was not provided with any explanation or basis for his termination.

12. Instead, JONES was directed to reach out to Human Resources in order to find out the reason for his termination. JONES did so, speaking with an Human Resources representative who vaguely referred to an investigation conducted between March 2019 and October 2019 regarding JONES' conduct. No further explanation was given at the time, nor was JONES provided a copy of the investigation or the results of the investigation.

13. JONES was directed to speak with Jacob Robertson (CVP Zone Agency Standards Officer), a longtime colleague who had handled the March 2019 investigation and submitted his report in October 2019. When JONES spoke with Robertson, Robertson indicated that the findings of his investigation did not justify JONES' termination. Robertson could provide no explanation for JONES' termination.

14. Following this discussion with Robertson, JONES again spoke with the Human Resources representative, who, for the first time, articulated a new reason for JONES' termination, namely that NYL had "lost confidence" in his ability to complete the duties of a Development Manager. When JONES responded that he had no performance issues over the years and inquired further as to the reason for his termination, the Human Resources representative refused to provide any additional explanation, nor could she refer JONES to anyone who would provide additional information.

15. During his employment, JONES worked on a team of three, consisting of Dan Pico (40s), Loyda Molina (40s) and himself, all supervised by Dale Gorchoff (Senior DM Manager).

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

16. Despite having significantly more experience and seniority than both Mr. Pico and Ms. Molina, JONES was the only employee from his team who was terminated.

17. Following his termination, JONES requested to have his agent's license reinstated.

18. Rick Madan, one of JONES' supervisors at NYL who was instrumental in the decision to terminate him, denied JONES' request to reinstate his agent's N6 contract.

19. NYL has allowed numerous younger employees to reinstate their agent's licenses following their separation of employment. For example, Mr. Madan allowed Rick Price and Ivan Wirbiezcas, both of whom are in their 40s, to reinstate their agent licenses after resigning from management with NYL.

20. NYL provided JONES no explanation as to why his request to have his agent's license reinstated was denied.

21. NYL was aware that one of their top agents, William Mahoney, was willing to have JONES on his team to work with him, but that JONES could only do so if he had an active agent's license.

22. Upon information and belief, JONES was replaced by a substantially younger individual, R. Tony Trujillo (late 30s/early 40s).

23. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay said attorney a reasonable fee for his services.

### COUNT I
### Violation of the FCRA (Age Discrimination)

24. This is an action for discrimination based upon age under the FCRA.

25. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-24 and incorporates the same herein by this reference.

26. Plaintiff is over the age of forty (40) and is well-qualified for the position of Development Manager at Defendant.

27. Defendant and its managers and agents violated the FCRA by terminating Plaintiff because of his age and refusing his request to reinstate his agent's N6 contract.

28. Defendant replaced Plaintiff with someone who was substantially younger than Plaintiff.

29. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

30. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including the loss of a career with Defendant, the loss of wages, benefits, including his pension benefit, and other compensation; harm to his personal and business reputations; emotional distress including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, PAT JONES, prays that this Court will:

a. Order Defendant NEW YORK LIFE INSURANCE COMPANY to remedy the age discrimination of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension and retirement plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT II
## Violation of the ADEA (Age Discrimination)

31. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-24 and incorporates the same herein by this reference.

32. Plaintiff is within the protected class under the FCRA and is well-qualified for the position of Development Manager at Defendant.

33. Defendant and its managers and agents violated the FCRA by terminating Plaintiff because of his age and refusing his request to reinstate his agent's license.

34. Defendant replaced Plaintiff with someone who was substantially younger than Plaintiff.

35. As a result of Defendant's conduct, Plaintiff has been damaged.

36. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the ADEA and thus Plaintiff is entitled to liquidated damages under the ADEA.

WHEREFORE, Plaintiff, PAT JONES, prays that this Court will:

a. Order Defendant NEW YORK LIFE INSURANCE COMPANY to remedy the age discrimination of Plaintiff by:

　i. Paying appropriate back pay;

　ii. Paying prejudgment and post-judgment interest;

　iii. Paying front pay in lieu of reinstatement;

　iv. Paying for lost benefits including medical insurance, pension and retirement plan;

　v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for liquidated damages;

c. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 29 U.S.C. § 216(b).

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

## DEMAND FOR JURY TRIAL

Plaintiff, PAT JONES, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 12th day of October 2020.

                Respectfully submitted,

                **GALLUP AUERBACH**
                *Counsel for Plaintiff*
                4000 Hollywood Boulevard
                Presidential Circle-Suite 265 South
                Hollywood, Florida 33021
                Telephone:   (954) 894-3035
                Facsimile:    (954) 894-8015
                E-mail:       dgallup@gallup-law.com

                By:    /s/ Dana M. Gallup
                          DANA M. GALLUP
                          Florida Bar No.: 0949329